CLYDE E. MASE *vs.* EXETER TOWN COUNCIL.

JANUARY 5, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the action of the town council of the town of Exeter denying the petitioner's application for a license to operate a junk yard on his land.

454

General laws 1956, §5-21-1, authorizes town councils to provide by ordinance for the issuing and revocation at pleasure of junk licenses, subject to such conditions and restrictions as may be prescribed by the councils. However, this general grant of power is restricted by §5-21-2 which provides that no such license shall be granted for any place not occupied for that purpose at the time of the application for the license where the owners or occupants of the greater part of the land within 200 feet of such building or place shall file with the council their objection to the granting of a license.

Pursuant to the authority delegated under the enabling act the town of Exeter on February 7, 1955 enacted an ordinance relating to junk dealers. Section 1 thereof provides that no person shall engage in the junk business unless he shall be licensed by the town council. This section was enacted under the power granted by sec. 1 of the enabling act. Section 5 of the ordinance, enacted pursuant to sec. 2 of the act, provides that no license shall be granted under the ordinance where the owners or occupants of the greater part of the land within 200 feet of the proposed junk business shall file with the council their objection to the granting of such license.

The first question before us is whether the town council acted pursuant to the power to license as limited by sec. 2 of the act as the petitioner contends, or whether they predicated their action on the power granted in sec. 1 as respondents contend.

The following pertinent facts appear in the record. On or about March 13, 1961 petitioner filed an application for a junk license. After notice, hearings were held thereon on May 1 and June 5, 1961. The record of the June 5 meeting contains the following pertinent information: "The application for a permit to operate a Junk Yard, by Clyde Mase was not granted. The Town Council discussed the Town's Junk Yard Ordinance and Section five was referred

to * * *." After expressly referring to the provisions of sec. 5 of the ordinance and to the fact that certain abutting landowners objected to the application, the following entry appears in the record of that meeting: "The Council then proceeded to vote. Motion made by George Erwin Jr. and seconded by Eugene Whitford Sr. the junk yard license be denied. Josiah Crooker and Harold Engel voted the junk yard license be granted. With a two-two tie vote the President voted the junk yard license be denied."

The record of the council meeting contains no express language indicating the provision or provisions of the act or ordinance on which they predicated their action. The petitioner bases his contention that they acted under sec. 5 on the fact that the record contains references to such section and to abutting landowners who opposed the license. He overlooks the fact that the record also states that "The Town Council discussed the Town's Junk Yard Ordinance * * * *."

In the circumstances it is reasonable to assume that the council discussed their power to act under either section. The petitioner is not attacking the validity of sec. 1 of the act. Although he contends that the council predicated their action on the power as limited in sec. 2, he conceded at the hearing before us that they had the power to act under sec. 1.

We agree with petitioner's contention that there is no evidence in the record indicating that the persons opposing the license were the owners or occupants of the greater part of the land within 200 feet of his land, but the record does not support his statement that the council based their action on a finding under sec. 2 that the owners or occupants of the greater part of the land within 200 feet of his land opposed the application and that therefore they were without jurisdiction to grant the license. It is our opinion that the council were acting under and pursuant to the power granted by sec. 1 of the act. In the circumstances peti-

tioner's challenge of the constitutionality of sec. 2 is not properly before us.

The petitioner's contention that the record shows that a majority of the council voted to grant the license is without merit. The record indicates that the motion to deny the license was made by councilman Erwin and seconded by councilman Whitford; that councilmen Crooker and Engel voted to grant it; and that with "a two-two tie vote" the president of the council voted to deny.

Where the method of voting in council meetings is not prescribed by constitutional, statutory, or ordinance provisions, any mode of voting by which the vote of each member is clearly and definitely ascertained is sufficient. 62 C.J.S. Municipal Corporations §403. We know of no rule of common parliamentary procedure which holds otherwise.

While it is true that the purpose of a motion is to bring business before an assembly for its consideration and action, the record before us indicates that by their action the movant and his second expressed their intention to vote against the license. There is nothing in the record to indicate a contrary intention. The petitioner's interpretation would deprive the movant and his second of their fundamental right to vote on the application. The record does not support his argument.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified pursuant thereto are ordered sent back to the respondent council with our decision endorsed thereon.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner.

*James O. Watts,* for respondent.